FILED

JAN 1 3 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MARYANN TRUJILLO,<br><br>          Debtor. | Case No. 05-28609-C-7<br>Docket Control No. BHS-1 |

### MEMORANDUM DECISION

Richard Hanf, chapter 7 trustee (the "Trustee"), has objected to a claim of exemption filed by Maryann Trujillo (the "Debtor"). The claim of exemption relates to the Debtor's interest in a 2002 Toyota Echo four-door sedan (the "Vehicle").

For the reasons set forth below, the court will overrule the objection.

### I. INTRODUCTION

The Debtor filed her chapter 7 petition on July 15, 2005. In the B-Schedule filed with her petition, the Debtor values the Vehicle in the amount of $7,000. In her D-Schedule, the Debtor identifies Saruti Patel as a "[c]reditor holding ownership certificate to [the Vehicle]." The D-Schedule states that Ms. Patel's claim totals $16,800, and that $9,800 of that amount is unsecured.

In her C-Schedule filed with the chapter 7 petition, the Debtor claims as exempt the aggregate amount of $7,000 in regard to the Vehicle, and identifies California Code of Civil Procedure ("CCP") section 703.140, subsections(b)(2) and (b)(5), as the law providing for the claimed exemption.

/ / /

1    On December 1, 2005, the Trustee filed an objection, bearing
2 Docket Control No. BHS-1 (the "Objection"), to the Debtor's
3 $7,000 claim of exemption as to the Vehicle.  The Objection was
4 noticed under Local Bankruptcy Rule 9014-1(f)(1).  The Objection
5 was timely under Federal Rule of Bankruptcy Procedure 4003(b),
6 the Meeting of Creditors having been concluded on November 10,
7 2005.
8    On December 12, 2005, the Debtor filed timely opposition to
9 the Objection, which was supported by a declaration executed by
10 the Debtor.  By not filing a statement of disputed factual issues
11 as set forth in Local Bankruptcy Rule 9014-1(f)(1)(ii), the
12 Debtor consented to resolution of disputed material factual
13 issues pursuant to Federal Rule of Civil Procedure 43(e), as made
14 applicable by Federal Rule of Bankruptcy Procedure 9017.
15    On December 23, 2005, the Trustee filed a timely reply to
16 the Debtor's opposition, and the record closed at that time
17 pursuant to Local Bankruptcy Rule 9014-1(f)(1)(iii).  The Trustee
18 submitted no declaration or documentary evidence to support the
19 Objection.  The court heard oral argument on January 3, 2006.

## II. ANALYSIS

21    This court has jurisdiction over the Objection pursuant to
22 28 U.S.C. sections 1334 and 157(b)(1).  The Objection is a core
23 proceeding under 28 U.S.C. section (b)(2)(B).  The Objection was
24 brought pursuant to Federal Rule of Bankruptcy Procedure 4003(b).
25    The objecting party, in this case the Trustee, bears the
26 burden of proving that a claimed exemption is improper.  Fed. R.
27 Bankr. P. 4003(c).  Because a claimed exemption is presumptively
28 valid, the objecting party must produce evidence to rebut the

1  presumptively valid exemption, whereupon the burden of production
2  shifts to the debtor to demonstrate that the exemption is proper.
3  The burden of persuasion remains with the objecting party. In re
4  Carter, 182 F.3d. 1027, 1029-30 n.3 (9th Cir. 1999).
5       In this case, the Trustee does not object to the application
6  of CCP section 703.140(b)(2) and (b)(5) to the Vehicle. The
7  Trustee instead argues that any lien claimed by Ms. Patel, the
8  amount of which would exceed the value of the Vehicle, is "valid"
9  and can be avoided, presumably pursuant to 11 U.S.C. section 544,
10 on the ground that Ms. Patel's security interest is unperfected.
11 The Trustee further argues that his successful avoidance of the
12 lien will leave the Debtor without the ability to claim the value
13 of the Vehicle as exempt under any provision of California law,
14 because 11 U.S.C. section 522(g)(1)(A) will not be satisfied due
15 to the voluntary nature of the transfer of the security interest
16 by the Debtor.
17      In her opposition, the Debtor argues that "there is no lien
18 on the [V]ehicle, perfected or otherwise," and states that the
19 Debtor listed Ms. Patel's claim on the D-Schedule merely for
20 notice purposes, "to show that the lender was physically holding
21 the Certificate of Title." In her declaration, the Debtor states
22 that in 2001 Ms. Patel loaned her $16,800 to purchase an
23 automobile, which amount Ms. Patel paid the seller directly for
24 the Vehicle. The Debtor also states that while Ms. Patel and the
25 Debtor "did not sign a contract for payment of the loan," the
26 Debtor agreed to permit Ms. Patel to hold the certificate of
27 title "until the loan was paid." An exhibit attached to the
28 / / /

- 3 -

Debtor's declaration establishes that the Vehicle is registered with the California Department of Motor Vehicles ("DMV").

The Trustee's argument fails because is does not distinguish between the attachment of a security interest and its perfection under California law. To perfect a security interest in a registered motor vehicle in California, the secured party must submit to the DMV a properly endorsed certificate of ownership showing the secured party as legal owner of the vehicle. Cal. Veh. Code § 6300; see also id. § 6303 (effect of such perfection governed by the UCC); and Cal. Comm. Code § 9311(a)(2)(A) (making filing of a financing statement ineffective to perfect a security interest in a registered vehicle or boat).

But a security interest does not attach (come into being) until it can be enforced, unless the agreement expressly postpones attachment. Cal. Comm. Code § 9203(a). Further, a party cannot enforce a security interest in goods without meeting the requirements of Commercial Code section 9203(b), which includes, in the case of goods like the Vehicle, that the debtor "authenticate[] a security agreement that provides a description of the collateral." Cal. Comm. Code § 9203(b)(3) (listing four alternative conditions).

The Debtor's declaration establishes that no written loan contract was signed. The Debtor did not offer specific evidence, however, regarding whether she signed or authenticated any written security agreement.

At the same time, however, the Trustee also submitted no evidence to support the Objection, including evidence that a security agreement was in fact signed or authenticated by the

Debtor, or even that Ms. Patel claims to hold a security interest in the Vehicle. The court cannot "infer" that a security agreement exists. Because it is the Trustee's burden to produce evidence to rebut the presumptively valid exemption by the Debtor, and because the Trustee produced no such evidence, the court will, notwithstanding the incomplete factual record, overrule the Objection to the Debtor's claim of exemption as to the Vehicle under CCP section 703.140(b)(2) and (b)(5).

### III. CONCLUSION

For the reasons set forth above, the court will overrule the Objection. The court will issue an order consistent with this memorandum.

Dated: January 13, 2006      *Robert Bardwil*
ROBERT S. BARDWIL
United States Bankruptcy Judge

## Certificate of Service

I certify that on January 13, 2006 a copy of the **foregoing** **document** was mailed to the following:

Maryann Trujillo
9927 Old Placerville Rd.
Sacramento, CA 95827

Danny Moore
1007 7th Street, #306
Sacramento, CA 95814

Richard Hanf
P.O. Box 6499
Napa, CA 94581

Barry Spitzer
2485 Natomas Park Dr., #340
Sacramento, CA 95833

FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT

By: _____
      Deputy Clerk